# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 16-cv-23732-JEM

YAYSET VARONA,

      Plaintiff,

v.

GODIVA AMERICAN, CORP.,
d/b/a SANTA FE NEWS AND ESPRESSO
and ALEJANDRO SCOLNIK, individually,

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS WITH PREJUDICE

The Parties, Plaintiff, YAYSET VARONA ("Plaintiff"), and Defendants, GODIVA

AMERICAN, CORP. d/b/a SANTA FE NEWS AND ESPRESSO, and ALEJANDRO SCOLNIK

("Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion

to Approve Settlement and to Dismiss with Prejudice, and state the following in support thereof:

1.      Plaintiff filed the instant action alleging that Defendants violated the Fair Labor

Standards Act, as amended, 29 U.S.C. § 201-216 ("FLSA").

2.      Defendants deny Plaintiff's claims.

3.      To avoid the costs and the uncertainty of litigation, after extensive negotiations, the

Parties reached a settlement between them that fully resolved all of Plaintiff's claims, including

those for attorney's fees and costs.

4.      Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir.

1982), claims for back wages arising under the FLSA may be settled or compromised only with

the approval of the Court or the Secretary of Labor.  Accordingly, the Parties hereby request that

the Court approve the Settlement, Release and Non-Disclosure Agreement entered into by the parties, a copy of which is attached to this Motion as <u>Exhibit A</u> for the Court's consideration.

5.      In settlement, Plaintiff will be paid a total of $3,000.00.  The parties agree that upon careful review of Plaintiff's time records, hours and weeks in which overtime was worked, and pay records, this amount represents full settlement of possible relief and/or compensation inclusive of liquidated damages.  Notwithstanding, the parties agree that there is a genuine dispute both as to whether or not Plaintiff worked the alleged number of hours worked on a weekly basis, and whether or not Plaintiff was in fact paid for all hours Plaintiff allegedly worked on a weekly basis.

6.      The amount of this settlement to the Plaintiff is fair and reasonable given the fact that Plaintiff could be receiving full compensation inclusive of liquidated damages.  Additionally, it is also reasonable given the likelihood of success on the merits of the claims and the costs of litigating this matter.  This settlement was arrived at after considerable negotiation by the parties and the Defendants do not admit any liability in this action. Moreover, this settlement is fair and reasonable given the fact that Plaintiff could be barred from recovery should Plaintiff not be covered by the FLSA.

7.      Separate and apart, Plaintiff's counsel shall receive $5,500.00 in attorney's fees and $500.00 in costs incurred to date in this action, including preparation and/or review of all settlement documents.  Plaintiff's counsel has expended over 19 hours on this matter to date. Additionally, Plaintiff's counsel has incurred approximately $500.00 in costs.  Plaintiff's counsel, who has nearly 10 years of experience litigating employment related matters, charges an hourly rate of $350.00.   Notwithstanding, Plaintiff's counsel's attorney's fees and costs were compromised and reduced in good faith in order to make settlement possible and Plaintiff's recovery was not adversely affected by the amount of fees and costs paid to her attorney.

8.      As part of the settlement reached between the Parties, Plaintiff agrees to dismiss this action with prejudice upon approval by the Court of the attached Settlement, Release and Non-Disclosure Agreement, with the Court to retain jurisdiction to enforce the Parties' obligations as required by the Settlement, Release and Non-Disclosure Agreement.

9.      Plaintiff and Defendants stipulate that the settlement is a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Settlement, Release and Non-Disclosure Agreement and dismissing all claims made by Plaintiff against Defendants in this action with Prejudice, with the Court to retain jurisdiction to enforce the Parties' obligations as required by the Settlement, Release, and Non-Disclosure Agreement.

Respectfully submitted on this 11th day of January, 2017,


/s/ Zandro E. Palma                              
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
**ZANDRO E. PALMA, P.A.**
9100 South Dadeland Blvd., Suite 1500
Miami, FL 33156
Tel: (305) 446-1500
Fax: (305) 446-1502
*Counsel for Plaintiffs*

/s/ Jenna N. Kochen   
Jenna N. Kochen
Florida Bar No. 0098640
jkochen@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: 305-445-7801
Fax: 305-442-1578
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>**January 11, 2017**</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jenna N. Kochen_____
Attorney

## <u>SERVICE LIST</u>

<u>Yayset Varona v. Godiva American, Corp. and Alejandro Scolnik, individually</u>
<u>CASE NO.: 16-cv-23732-JEM</u>

Zandro E. Palma
zep@thepalmalawgroup.com
**Zandro E. Palma, P.A.**
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33157
Tel.: (305) 446-1500
Fax: (305) 446-1502
*Counsel for Plaintiff*


Jenna N. Kochen
jkochen@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel.: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendants*